UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

           v.                                              DECISION AND ORDER
                                                                02-CR-160A

JOSE ANTHONY RODRIGUEZ,

                          Defendant.

---

        In November 2002, this Court sentenced the defendant, Jose Rodriguez, to a term of 63 months' incarceration, to be followed by a term of three years' supervised release based upon the defendant's conviction for conspiracy to distribute heroin and possession of heroin with the intent to distribute it in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1).  The defendant served his sentence and commenced his supervised release sentence in June 6, 2006.

        On March 21, 2007, a Petition was filed against the defendant by the United States Probation Office, charging him with violating the terms of his supervised release. Specifically, the petition alleged that the defendant violated the mandatory condition that he not commit further crimes while on supervised release when he committed the crime of criminal sex act in the 3rd degree,

violation of NYS penal law § 130.40.

A supervised release hearing was held on April 23 and April 24, 2007. Both the government and the defendant presented witnesses at the hearing. The government called Jennifer Smith, Rebecca Ramon and Collette Hatrick as witnesses.  The defendant called James McClain, and testified on his own behalf.  In addition, the parties stipulated as to the testimony of the U.S. Probation Officer Tammi Rodgers.

Upon hearing the testimony of the witnesses, reviewing the evidence presented by both parties and upon hearing summations by counsel, the Court issues the following findings:

On a motion to revoke supervised release, the government need only prove the alleged violations by a preponderance of evidence, not beyond a reasonable doubt. See 18 U.S.C. § 3583(e)(3); United States V. Meeks, 25 F.3d 1117, 1123 (2d Cir. 1994).

Based upon the evidence adduced at the hearing, the Court finds by a preponderance of the evidence that the defendant is guilty of violating the conditions of his supervised release. Specifically, the Court finds by a preponderance of the evidence that on March 20, 2007, the defendant committed the crime of sexual misconduct in violation of New York State Penal Law § 130.20, in violation of the mandatory condition that he not commit any further crimes while on supervised release.

This finding is based upon the testimony presented at the supervised release hearing. Jennifer Smith, the victim, testified that she and the defendant were friends and co-residents at Cazenovia Manor Home. On March 20th, she and the defendant walked to a friend's house and shortly thereafter, they engaged in consensual vaginal sex. The defendant repeatedly asked Smith to engage in anal sex with her, but she repeatedly and unequivocally told the defendant no. She and the defendant then changed positions, whereupon the defendant engaged in non-consensual anal sex with Smith. Smith stated that she was able to maneuver out of that position, but the defendant thereafter continued to engage in vaginal sex with her. Smith testified that, at that point, all sex was non consensual. Smith testified that she was very upset and that the non-consensual encounter was extremely painful, both physically and emotionally, because she had experienced a prior sexual assault that required her to have surgery in her rectum. Smith testified that the defendant was aware of this prior sexual assault.

When Smith returned to Cazenovia Manor, she was very upset and confided in her roommate, and then to Cazenovia Manor staff member Colleen Hatrick, even though Smith knew she could get in trouble for engaging in sex with a fellow resident. She initially went to ECMC Hospital to be examined, but left because the emergency room was crowded and she was too emotionally distraught to wait. The next morning, her injury was more painful and she found it

necessary to go to Women and Children's Hospital where a rape kit procedure was performed. Rebacca Ramon, a nurse at Women's and Children's Hospital, testified about her examination of Smith on March 21, about Smith's injury, and about Smith's demeanor. Ramon testified that there were two small tears to Smith's rectal area, but could not say whether they were the result of consensual or non-consensual sex.  Witness Colleen Hatrick testified about her observations of Smith on the night of the assault and the next day.  Hatrick also testified about her interactions with the defendant.

      Upon hearing Jennifer Smith testify and having the opportunity to review observe her demeanor, the Court finds that her testimony was highly credible and consistent with other evidence introduced at the hearing. She immediately reported the incident even though she knew that she could get in trouble for engaging in consensual sex with another resident. Others who observed her demeanor on the night of the incident testified that she was very upset, which also supports her claim that she was assaulted. The physical injury, evidence of two small tears in the anal area, while not entirely conclusive of non-consensual sex, is consistent with her claim that she engaged in anal sex that night. The Court believes her testimony that it was not consensual. The defendant called Cazenovia Manor staff member James McClain as a character witness.  McClain attested to the defendant's compliance with Cazenovia Manor's rules while residing there.

4

The defendant testified on his own behalf. He admitted to engaging in anal sex with Smith that night but claimed that he stopped as soon as she said no. Upon hearing his testimony and observing his demeanor, the Court finds that the defendant's testimony was inconsistent, evasive and not credible. For example, the defendant testified that he had engaged in consensual sex with Smith five or six times before March 20th, but that testimony is inconsistent with his police statement where he said it was only the third time. He testified that he stopped after she said no because she was having a panic attack. However, that version of events differs from the one he gave to the police. He initially stated that she never said no to anal sex before the penetration, but then later admitted that she may have but he couldn't remember because he was too excited.

The Court notes that the initial petition alleged that the defendant committed the crime of Criminal Sexual Act in the 3rd Degree. A person commits that crime when he engages in anal sexual conduct with another person without such person's consent "where such lack of consent is by reason of some factor other than incapacity to consent." See NYS Penal Law § 130.40. It is not clear what is meant by that last element - "where such lack of consent is by reason of some factor other than incapacity to consent" and the Court's research has uncovered little guidance on this element. In any event, because it is clear that the defendant's actions violated the sexual misconduct statute - NYS Penal Law § 130.20 - the Court finds it unnecessary to decide whether he is also guilty of the

felony.

    Based upon the foregoing, the Court finds by a preponderance of the evidence that the defendant engaged in anal sex with the victim, Jennifer Smith, without her consent, in violation of NYS Penal Law § 130.20.  Accordingly, the Court finds the defendant guilty of Charge I of the Petition, violation of the mandatory condition that he not commit any further crimes while on supervised release.

    The parties shall appear for sentencing on June 4, 2007, at 1:00 p.m.

SO ORDERED.

                        s/ *Richard J. Arcar*a  
                        HONORABLE RICHARD J. ARCARA  
                        CHIEF JUDGE  
                        UNITED STATES DISTRICT COURT

DATED:  May 11, 2007